IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MACK OBIOHA; QFF SECURITIES FUND LTD.; and QFF HOLDINGS LLC,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 12-80109 WHA<br><br>**ORDER GRANTING SEC'S APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** |

## INTRODUCTION

This action involves the Securities and Exchange Commission's application for an order compelling defendants — Mack Obioha, QFF Holdings LLC, and QFF Securities Fund Ltd. — to comply with administrative subpoenas for documents and testimony. For the foregoing reasons, the Commission's application is **GRANTED**.

## STATEMENT

The investigation by the Commission involves a possible Ponzi scheme by Yusaf Jawed, who, through various entities, raised more than $30 million through the management of private investment funds (Br. 2). In the course of the investigation, the Commission served subpoenas on (1) Mr. Obioha, who is believed to have relevant information about alleged transactions involving funds managed by Mr. Jawed; (2) QFF Securities Fund Ltd., an entity that is allegedly managed by Mr. Obioha (Leach Exh. J); and (3) QFF Holdings LLC, an entity that was allegedly incorporated by QFF Securities' former counsel and director, Jacques B. Nichols (*ibid.*).

Prior orders in this action required the Commission to effectuate proper service on each defendant (Dkt. Nos. 9, 16, 19). Pursuant to an order dated August 24, any defendant who was properly served was required to submit an opposition or statement of non-opposition to the motion to compel by September 19 (Dkt. No. 19). Because no oppositions were filed, the motion was deemed submitted.

**ANALYSIS**

"The scope of the judicial inquiry in an . . . agency subpoena enforcement proceeding is quite narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Federal Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) (quoting *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001)).

The Commission is expressly authorized by three statutes — the Securities Act, the Exchange Act, and the Advisers Act — to conduct investigations regarding whether any person has violated any provisions of those federal securities laws. *See* 15 U.S.C. 77t(a); 15 U.S.C. 78u(a); 15 U.S.C. 80b-9(a). For purposes of subpoena enforcement, relevance of the evidence is established when the information sought is not "plainly incompetent or irrelevant for any lawful purpose." *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943). Here, the information sought by the Commission is relevant to the ongoing investigation of whether Mr. Jawed devised a sham buyout by the entities associated with Mr. Obioha. Through the subpoenaed testimony and documents, the Commission seeks to learn, for example, the basis for statements made to fund investors. The information sought is directly relevant to those issues.

In as much as the Commission's motion has gone unopposed by all three defendants, the only issue before the Court is whether or not all three defendants were properly served. Due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient

2

notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

### 1. MR. MACK OBIOHA.

On June 11, 2012, Mr. Obioha appeared for his testimony with the Commission and accompanied by his attorney, James A. Trodden. Mr. Obioha was served with the Commission's motion and the declaration of Robert S. Leach (Dkt. No. 18 ¶¶ 2, 3). After Mr. Obioha's testimony, the Commission was unable to locate him, and therefore, could not serve him the Court's subsequent orders in person. Consequently, the Commission served the Court's orders by UPS overnight to the addre§ identified by Mr. Obioha as his own, despite the fact that the address was actually Attorney Trodden's. In determining whether Mr. Obioha was sufficiently served, consideration was given to Mr. Obioha's acknowledgment that he had prior notice of the motion from the service of summons mailed to Attorney Trodden on his behalf (Dkt. No. 18; Exh. A). Finding substantial compliance with California Code of Civil Procedure Section 415.30, this Court's August 23 order found that service upon Mr. Obioha was sufficient (Dkt. No. 19).

### 2. QFF SECURITIES FUND LTD.

QFF Securities is an entity incorporated and domiciled in the British Virgin Islands. The Commission stated that it was unable to locate a domestic agent for service. Additionally, according to the Commission, QFF Securities was removed from the British Virgin Islands public register of companies in May 2010 for non-payment of its annual license fees. Without these conventional means of service, the Commission served Attorney Trodden via UPS next day delivery, on behalf of QFF Securities, on March 23, 2012 and May 23, 2012 (Dkt. No. 20 ¶ 4, Exh. 3).

As with defendant Obioha, Attorney Trodden also claimed to represent QFF Securities Fund Ltd. in email correspondence with the Commission (Dkt. No. 20; Exhs. 2, 3) and by letter to the Court (Dkt. No. 15). The Commission's argument that service upon Attorney Trodden was sufficient, however, is not premised solely on the attorney-client relationship. Rather, the Commission relied upon an e-mail in which Attorney Trodden declared, "Please be advised that

3

1  I am authorized to accept legal service in [sic] behalf of [][] and QFF Securities and Funds [sic],
2  LTD. (British Virgin Islands)" (Dkt. 20; Exh. 2). Service on a client's attorney is sufficient if
3  the attorney has been explicitly authorized to accept service on the client's behalf. *See Pochiro*
4  *v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248–49 (9th Cir. 1987); FRCP 4(h) (providing
5  that service on a foreign corporation may be made on any agent authorized by appointment).
6  Accordingly, this order finds that QFF Securities was sufficiently served through its authorized
7  agent, Attorney Trodden.

### 3. QFF HOLDINGS LLC.

QFF Holdings LLC is a Delaware corporation (Br. 8). The Commission arranged for a process server to serve QFF Holdings' registered agent, Delaware Corporations LLC. After attempting to serve Delaware Corporations, the process server stated that the agent would not accept service because QFF Holdings had not paid its fees in three years. According to Delaware Corporations, it no longer had a contractual obligation to accept service on behalf of QFF Holdings (Dkt. No. 20; Exh. 4). The next day, the process server served the Delaware Corporation; however, an individual followed the process server out of the office and threw the served papers on the ground (*id*. at Exh. 5). In order to ensure service, a process server also served the Delaware Secretary of State on behalf of QFF Holdings (*id*. at Exhs. 6, 7). *See* Del. Code Ann. tit. 8, § 321 (2010) (providing that "it shall be lawful to serve the process against the [Delaware] corporation upon the Secretary of State . . ."). Accordingly, QFF Holdings has been sufficiently served.

### CONCLUSION

For the reasons set forth above, the Commission's application for an order compelling compliance with administrative subpoenas is **GRANTED**. In as much as no defendant appeared in this action, the Commission is obligated, in order to provide for the contempt power of the Court, to properly serve this order on defendants. By **OCTOBER 17, 2012**, defendants Mack Obioha, QFF Holdings LLC, and QFF Securities Ltd. shall produce all documents requested under the administrative subpoenas issued on March 6, 2012 and March 16, 2012, respectively. On **OCTOBER 17, 2012**, at 9:30 a.m., defendant Obioha shall appear for sworn testimony at the

Commission's San Francisco Regional Office, 44 Montgomery Street, Suite 2800, San Francisco, California.

**IT IS SO ORDERED.**

Dated: October 12, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5